# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN OLSON,

        Plaintiff,

v.                                                                                       Case No. 14-C-842

BEMIS COMPANY, INC., et al.

        Defendants.

## DECISION AND ORDER DENYING MOTION TO REMAND AND GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff Steven Olson commenced this action against Bemis Company, Inc., his former employer, and United Steel, Paper, and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial, and Service Workers International Union, Local 2-0148 ("the Union") for breach of contract, and equitable and promissory estoppel in state court. (ECF No. 1-1.) Bemis removed the case to federal court on the grounds that the contract claim was completely preempted by 29 USC 185(a) because it is a claim of a "violation of contract[] between an employer and a labor organization' and the case can be removed to this Court because it presents a federal question within the District Court's original jurisdiction." (ECF No. 1 (quoting 29 U.S.C. § 185(a)). Bemis alleged that Olson's estoppel claims were likewise preempted or, alternatively, fell within the court's supplemental jurisdiction under 28 U.S.C. § 1367(a). Olson has filed a motion to remand this action to state court. He asserts that the claims he has alleged involve run-of-the-mill state law issues and do not touch on any material that arises under or is pre-empted by federal law. In addition, the Union has filed a motion to dismiss, which Bemis has joined. For the reasons given below, the motion to remand will be denied and the motion to dismiss will be granted.

**I. Motion To Remand**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, removal of a case from state court is proper if it could have originally have been brought in federal court. The defendants contend that federal jurisdiction exists under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), and thus, there is federal question under 28 U.S.C. § 1331. Section 301 reads:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Relying on that rule here, Olson disclaims any reliance on federal law. He contends that his claims rest entirely on Wisconsin contract law and principles of equity, and do not invoke Section 301 of the LMRA.

Olson did previously bring a Section 301 hybrid action against Bemis for discharging him in violation of a collective bargaining agreement (CBA) and the Union for breach of its duty of fair

2

representation, Olson v. Bemis Co., Inc., et al, Case No. 12-C-1126, of which I take judicial notice. *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 493 (7th Cir. 2011). He contends, however, that this case is different. His claims do not involve the CBA itself, but merely a written or oral settlement agreement relating to a grievance. The settlement agreement, attached to the complaint, is a two-page contract among Olson, the Union, and Bemis. (ECF No. 1-1 at 11-12.) In short, it stipulates that Olson would receive $20,000, that he was no longer an employee of Bemis, and that he released Bemis from all claims and grievances. It does not refer to any CBA. Olson's claim is thus actually quite simple: he asserts that Bemis agreed to pay him $20,000, but then stopped payment on the check before he could cash it. Of course, what Olson does not say is that Bemis stopped payment after Olson repudiated the agreement the Union had reached on his behalf and unsuccessfully sued Bemis for breach of the collective bargaining agreement and the Union for breach of its duty of fair representation. See Olson v. Bemis Co., Inc., et al, No. 12-C-1126, Decision and Order Granting Defendants' Motion for Summary Judgment (E.D. Wis. April 17, 2014). In any event, since he is not relying on federal law to enforce the settlement agreement, Olson contends that removal was improper.

In urging that removal is nevertheless proper, the defendants rely on a corollary to the well-pleaded complaint rule, known as the "complete pre-emption" doctrine. Under this doctrine, the pre-emptive force of a federal law is deemed so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 65 (1987). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*,

3

482 U.S. at 393. Section 301 of the LMRA is such a federal law that has been held to completely preempt state law:

> [T]he pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.' Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301.

*Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 23 (1983). Since Olson's contract claim falls within the purview of Section 301, the defendants contend that federal law controls and removal is proper.

The defendants have the better argument. Although Olson is not now seeking to enforce his rights under the CBA, Section 301 is not limited to suits over CBAs. Instead, it encompasses any "agreement between employers and labor organizations significant to the maintenance of labor peace between them." *Retail Clerks Int'l Ass'n, Local Unions Nos. 128 & 633 v. Lion Dry Goods*, 369 U.S. 17, 28 (1962); *McNealy v. Caterpillar, Inc.*, 139 F.3d 1113, 1121 (7th Cir. 1998). The Settlement Agreement Olson seeks to enforce here is such an agreement. It is a "contract[ ] between an employer and a labor organization representing employees ...." 29 U.S.C. § 185(a). It is also "significant to the maintenance of labor peace between them." *Lion Dry Goods*, 369 U.S. at 28.

Courts have generally concluded that "Section 301 applies not only to CBAs, but also to grievance settlement agreements." *Chicago Regional Council of Carpenters, United Broth. of Carpenters and Joiners of America*, No. 10-C-5314, 2011 WL 635864, * 2 (N.D.Ill. Feb. 10, 2011) (citing SEIU, Local 4 v. EMI Enters., Inc., No. 04 C 3598, 2004 U.S. Dist. LEXIS 16063, at *9, 2004 WL 1899217 (N.D.Ill. Aug. 12, 2004)). This follows logically from the fact that settlement agreements resolve grievances that arise under the CBA. Failing to comply with an agreement to

4

settle a grievance arising under the CBA is in essence no different than failing to comply with the CBA and is no less detrimental to the maintenance of labor peace between unions and employers.

The Sixth Circuit addressed this issue in *Jones v. General Motors Corp,* 939 F.2d 380, 382-83 (6th Cir. 1991). After Jones was fired for making a threat, his union filed a grievance on his behalf. The employer and the union came to a deal, which would reinstate Jones' employment if he agreed to submit to psychological tests. Jones accepted the deal, but then refused to participate in the tests. Eleven months later, he sued to get his job back. The Sixth Circuit found the claim preempted by § 301:

> We are faced with a state law claim for breach of a settlement agreement. This agreement was arrived at by virtue of a grievance process established by a collective bargaining agreement, signed only by the parties engaged in collective bargaining, and promised reinstatement to a job whose terms and conditions are created by and subject to a collective bargaining agreement. The resolution of this claim will not involve the direct interpretation of a precise term of the CBA, but it will require a court to address relationships that have been created through the collective bargaining process and to mediate a dispute founded upon rights created by a CBA. Does this process require an "interpretation of the terms" of a CBA triggering § 301 pre-emption? The district court answered this question in the affirmative, and we agree.

*Id.* at 382-83.

Other courts have likewise concluded that Section 301 applies to grievance settlement agreements. *See, e.g., Davis v. Bell Atlantic-West Virginia, Inc.*, for example, 110 F.3d 245, 249 (4th Cir. 1997) ("Accordingly, the preservation of a uniform federal law of labor relations under § 301 of the LMRA requires that we recognize the settlement agreement in this case as merely a particular expression of rights and duties created by a collective-bargaining agreement."); *Crowne Investments, Inc. v. United Food and Commercial Workers, Local No. 1657*, 959 F.Supp. 1473, 1477-78 (M.D.Ala. 1997) ("Since § 301 is not limited to collective bargaining agreements, or to

5

contracts between employers and unions which are majority representatives of the employees of the contracting employer, the Settlement Agreement at issue clearly is a § 301 contract. This is because it, like other settlement agreements held to be § 301 contracts, is a contract between a labor union and an employer which was significant to the maintenance of labor peace between them."); *Amalg. Meat Cutters and Butcher Workmen of North America, Local No. 195 v. M. Feder & Co.*, 224 F.Supp. 739, 740 (E.D.Pa. 1963) ("Had this agreement been the arbitrator's award, even though it could be characterized as 'uniquely personal' or 'peculiar to the individual,' the court could enforce the award.FN1 Defendant's obligation is to pay a certain union member the sum agreed upon as settlement. Obligations similar to this have been enforced by the courtsFN2 and the adjective phrases quoted above have been held not to be bars to jurisdiction under § 301.").

I conclude from the foregoing that Olson's contract claim is preempted under Section 301 and thus federal jurisdiction exists. I need not decide whether his remaining claims are preempted also since even if they are not, supplemental jurisdiction exists under 28 U.S.C. § 1367(a). Accordingly, Plaintiff's motion to remand the case is denied.

## II. Motion To Dismiss

The defendants seek dismissal of the action on several grounds. They first argue that Olson's claims are barred under the doctrine of claim preclusion based on the judgment entered against him in Case No. 12-C-1126. Defendants also argue Olson's action is barred by the statute of limitations, though it is unclear which statute of limitations applies. Finally, the defendants contend Olson's complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and because the state law claims are preempted.

It is clear from a reading of Olson's amended complaint, and in light of his earlier action

6

against Bemis and the Union, that the current complaint fails to state a claim on which relief can be granted. The contract on which Olson seeks to bring suit is the Settlement Agreement that the Union negotiated with Bemis to resolve the grievance arising out of his termination from employment. By its express terms, the Settlement Agreement provided that in return for a lump sum payment of $20,000, Olson would release and discharge Bemis from any and all claims arising out of the termination of his employment. (Doc. 10-1.) The Agreement further provided that Olson had 21 days, or until May 8, 2012, to sign the agreement signifying his acceptance of the terms therein. Olson elected not to sign the Agreement and instead brought suit against Bemis and the Union.

Having repudiated the Settlement Agreement and unsuccessfully sued Bemis and the Union, Olson has no right to enforce its terms. Bemis has no obligation to pay him the $20,000 it promised to pay him if he dropped his grievance for the simple reason that he refused to drop his grievance. He filed suit on it and lost. And the Union made no promise to him in any event. Olson's claims for breach of an oral agreement, equitable estoppel and promissory estoppel are little more than repetitions of his claim for breach of the Settlement Agreement and also fail as a matter of law. To the extent they are not preempted by federal law, those claims likewise fail to state a claim on which relief can be granted.

Accordingly, and for the reasons set forth above, the motion to remand is denied and the defendants' motion to dismiss is granted. The clerk is directed to enter judgment against the plaintiff and in favor of the defendants.

**SO ORDERED** this 27th day of October, 2014.

       /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court